UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
FAITH TOWNSEND,                          : CASE NO. 1:18-CV-02742
:
:
       Plaintiff,                   :
:
vs.                                      : OPINION & ORDER
                                                      : [Resolving Doc. No. 7]
ROCKWELL AUTOMATION INC. *et al.,*       :
:
       Defendants.                  :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Faith Townsend alleges her employer discriminated against her, retaliated against her and created a hostile work environment based on her race and gender. She asserts claims under 42 U.S.C. § 1983 and Title VII against her employer and her most recent supervisor. For the reasons stated below, her claims under 42 U.S.C. § 1983 against both Defendants and her claims under Title VII against her supervisor are dismissed.

**I. Background**

Townsend indicates she worked in the after hours call center for Rockwell. She states their work space was isolated because most other employees were at home during their shift. She indicates she was the only female and only African American in the group.

Townsend indicates she was promoted to team lead in 2007 or 2008. She contends soon after her promotion, she began to experience harassment from her co-workers and supervisors.

She alleges co-workers and supervisors engaged in racially-offensive or threatening conversations in her presence, which included such topics as noose-making, watermelon being a source of melanin, gun collecting and their utility in leaving no witnesses, and African American views on the need to educate their children.  She indicates she reported these conversations to a series of supervisors, managers and human resources personnel but nothing was done to discipline the offenders or stop the behavior.  She contends the harassing behavior escalated to harassing texts being sent to her personal cellular telephone, and co-workers attending her son's funeral to harass her.

In addition, Townsend contends her supervisors treated her less favorably than her Caucasian and male co-workers.  She alleges she was assigned a greatly disproportionate amount of work compared to her co-workers, that she was denied training offered to others in her group, and that she was assigned to a separate tract for KCS certification than other co-workers.  She states KSC certification became a requirement for her job, and her supervisors held her to a higher score standard to receive certification than the standard imposed on her co-workers.

In February 2018, Rodriguez sent an email to employees, which she interpreted as favoring the male employees in her group.  She responded with a department-wide email pointing out this discrepancy and complaining of disparate treatment, for which she received a seven-week suspension.  She states another supervisor wanted to schedule a meeting with her to discuss her return to work following the suspension.  She asked if any of the things she highlighted would change and he responded that they would not.  She claims she was told to come in, do her work, and stop disrespecting her co-workers.  She indicates this supervisor expressed concern about her continuing employment.  She alleges she was scheduled to return

to work the following Saturday, but the stress of the situation caused her to be hospitalized. She resigned in August, 2018, contending she did not feel safe at work.

## II. Legal Standards

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney.[1] District courts, however, are permitted to conduct a limited screening procedure and to dismiss *sua sponte,* regardless of payment of the filing fee, claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."[2] *Sua sponte* dismissal is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter.[3]

## III. Analysis

Plaintiff first asserts claims under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that the Defendants acted under color of state law to deprive him of rights, privileges, or immunities secured by the United States Constitution.[4] Generally, to be considered to have acted under color of state law, the Defendant must be a government entity or official, or receive such significant aid from the government that the conduct can be attributed to the state.[5] These Defendants are private parties with no alleged government involvement. They are not subject to liability under § 1983.

---

[1] *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972))
[2] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).
[3] *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[4] *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).
[5] *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982).

Plaintiff also brings claims under Title VII, which makes it unlawful for an employer to discriminate against an individual because of that individual's race, color, religion, sex, or national origin.[6] For purposes of Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person ...."[7] An employee or supervisor who does not otherwise meet the statutory definition of "employer" cannot be held individually liable under Title VII.[8] Rockwell is arguably an employer under Title VII. There is no plausible suggestion, however, that Rodriguez meets this definition. He was merely Plaintiff's immediate supervisor. Plaintiff cannot bring a claim against him under Title VII.

### IV. Conclusion

Accordingly, Plaintiff's claims against both Defendants under 42 U.S.C. § 1983, and her claims against Robert Rodriguez under Title VII are dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[9] This action shall proceed solely on Plaintiff's Title VII claims against Rockwell Automation Inc.

IT IS SO ORDERED.

Dated: April 4, 2019         *s/ James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[6] 42 U.S.C. § 2000e–2(a)(1).
[7] 42 U.S.C. § 2000e(b).
[8] *Wathen v. General Electric Company*, 115 F.3d 400 (6th Cir. 1997).
[9] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.