UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
FAITH TOWNSEND,                             :
                                            :     Case No. 1:18-cv-2742
            Plaintiff,                      :
                                            :
vs.                                         :     OPINION & ORDER
                                            :     [Resolving Doc. 7]
ROCKWELL AUTOMATION,                        :
                                            :
            Defendant.                      :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Faith Townsend alleges that she suffered racist verbal abuse from her co-workers while working for Defendant Rockwell Automation ("Rockwell").[1] Townsend claims that Rockwell not only failed to punish those co-workers but retaliated because of her complaints.[2]

Accordingly, Townsend brings this Title VII action.[3] Defendant Rockwell moves to dismiss.[4] For the following reasons, the Court **GRANTS** that motion.

### A. The Court Has Subject-Matter Jurisdiction

Defendant Rockwell states, without argument or explanation, that the Court does not have subject matter jurisdiction.[5] Rockwell is wrong. Plaintiff makes claims under Title VII; the Court plainly has jurisdiction over cases arising under federal law.[6]

---

[1] Doc. 1.
[2] *Id.* Such retaliation included providing her inferior equipment, falsely attributing customer complaints to her, refusing to pay her overtime, and demoting her.
[3] *Id.* Originally, Townsend also brought claims under 42 U.S.C. § 1983. *Id.* However, because she did not allege that the misconduct occurred under color of law, the Court dismissed her § 1983 claims. Doc. 10. Further, Townsend also originally sued her supervisor, Robert Rodriguez. Doc. 1. However, because Rodriguez did not qualify as an employer under Title VII, the Court dismissed Plaintiff's claims against him. Doc. 10.
[4] Doc. 7. Plaintiff opposes. Doc. 12.
[5] Doc. 7 at 3. *See* Fed. R. Civ. P. 12(b)(1).
[6] 28 U.S.C. § 1331.

### B. Plaintiff Properly Served Defendant

Rockwell also moves to dismiss for insufficient service of process.[7] It argues that "the docket reflects that Plaintiff has not perfected proper service."[8] The docket actually reflects the opposite.

To serve a corporation (like Defendant), the plaintiff may deliver a copy of the summons and the complaint to a corporate agent authorized to receive service.[9] Here, an affidavit shows that Townsend, via personal service, delivered a copy of the summons to Robert Rodriguez, whom Plaintiff claims was authorized to receive service.[10]

Defendant Rockwell does not dispute that Rodriguez was an authorized agent and does not argue that Rodriguez did not receive the documents.[11] Plaintiff served Defendant properly.

### C. Plaintiff's Claims Are Untimely or She Has Not Exhausted Her Administrative Remedies

Broadly speaking, Title VII prohibits workplace discrimination. However, Congress tasked the Equal Employment Opportunity Commission (the "EEOC")—not the courts—with initial enforcement.[12] Thus, before a plaintiff may bring a Title VII claim in federal court, he must exhaust his administrative remedies by filing a charge with the EEOC and receiving a "right-to-sue letter."[13]

Here, Townsend filed two EEOC charges regarding her allegations in this case.

---

[7] Doc. 7 at 3. *See* Fed. R. Civ. P. 12(b)(5).
[8] Doc. 7 at 3.
[9] Fed. R. Civ. P. 4(h)(1)(B).
[10] Doc. 6. Technically, Plaintiff's agent served a security guard whom Rodriguez had authorized to receive documents on his behalf.
[11] *See* Doc. 7 at 3.
[12] *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361–62 (6th Cir. 2010).
[13] *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018).

Case No. 1:18-cv-2742
Gwin, J.

Plaintiff filed her first EEOC charge with allegations of misconduct occurring between roughly 2007 and June 2017.[14] According to Townsend, the EEOC then issued a September 2017, right-to-sue letter.[15] From that time, Townsend had ninety days to file a civil action.[16] However, Townsend filed this action in November 2018—missing her window by about a year.[17] Thus, the Court dismisses Plaintiff's Title VII claims arising from her first EEOC charge as untimely.[18]

Townsend filed a second EEOC charge alleging misconduct occurring between June 2017 and August 2018.[19] However, Townsend has not obtained a right-to-sue letter for this charge. Thus, Townsend has not exhausted her administrative remedies.[20] The Court dismisses Plaintiff's Title VII claims arising from her second EEOC charge without prejudice for failure to exhaust.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: May 1, 2019                    *s/        James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[14] Doc. 1 ¶¶ 1–17.
[15] *Id.* ¶ 17.
[16] *Tate v. United Serv. Assoc., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003); 42 U.S.C. § 2000e-5(f)(1).
[17] *See* Doc. 1.
[18] Although untimeliness may be excused through waiver, estoppel, or equitable tolling, Plaintiff has not argued any of those theories here. *See Hobson v. Mattis*, No. 18-5306, 2018 WL 7890771, at *3 (6th Cir. Nov. 8, 2018).
[19] *See* Doc. 1 ¶ 18–25.
[20] *Peeples*, 891 F.3d at 630–31. Like untimeliness, failure to obtain a right-to-sue letter may be excused through waiver, estoppel, or equitable tolling. *See id.* However, Plaintiff has not argued any of those theories here.