UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

|                        |   |                                    |
|------------------------|---|------------------------------------|
| FAITH TOWNSEND,        | : |                                    |
|                        | : | Case No. 1:18-cv-2742              |
| Plaintiff,             | : |                                    |
|                        | : |                                    |
| vs.                    | : | OPINION & ORDER                    |
|                        | : | [Resolving Doc. 28]                |
| ROCKWELL AUTOMATION,   | : |                                    |
|                        | : |                                    |
| Defendant.             | : |                                    |
|                        | : |                                    |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Title VII case, Plaintiff Faith Townsend asks the Court to reconsider its decision dismissing some of her claims as filed after the time limit for filing the claims had passed.[1]

Townsend claims she suffered racial abuse while working for Defendant Rockwell Automation.[2]  Congress vested primary Title VII enforcement responsibility with the Equal Employment Opportunity Commission ("EEOC"), not the courts.[3]  Thus, before a plaintiff can bring a Title VII claim, they must first seek EEOC administrative relief and obtain an EEOC "right-to-sue" letter.[4]

Here, Townsend filed two EEOC charges and obtained two right-to-sue letters; one in September 2017 and one in September 2018.[5]  A plaintiff must bring a lawsuit within ninety days to act on a right-to-sue letter.[6]  However, Townsend did not bring this case until

---

[1] Doc. 28.
[2] Doc. 13.
[3] *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361–62 (6th Cir. 2010).
[4] *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018).
[5] Doc. 1 ¶ 17; Doc. 20-1.
[6] *Tate v. United Serv. Assoc., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003); 42 U.S.C. § 2000e-5(f)(1).

November 2018.[7]  Accordingly, the Court dismissed the claims authorized by the September

2017 EEOC letter as time barred.[8]

     Plaintiff Townsend now asks the Court to reconsider its decision.[9]  Her sole argument

is that the trauma from Defendant's discrimination prevented her timely filing.  Liberally

construed, she makes an argument for equitable tolling.

     In applying the equitable tolling doctrine, the Court considers, *inter alia*: (i) the

plaintiff's notice of the filing requirement, (ii) the plaintiff's constructive knowledge of the

filing requirement, (iii) the plaintiff's diligence in pursuing her rights, (iv) prejudice to the

defendant, and (v) the plaintiff's reasonableness in remaining ignorant of her

responsibilities.[10]

     The Court "sparingly" employs the equitable tolling doctrine and only in rare cases.[11]

This is not one of those cases.  Plaintiff knew about the deadline from the start and, rather

than diligently pursuing her rights, waited almost a year to file suit.  Plaintiff's emotional

unrest does not excuse her tardiness.

     Further, most plaintiffs are similarly likely to be upset after suffering racial or sex

discrimination.  To apply equitable tolling for emotional trauma would morph "sparingly"

into "routinely."

---

[7] Doc. 1.

[8] Doc. 17.

[9] Technically, Townsend captioned this motion as an "Opposition to Defendant's Answer and Motion to Dismiss" and did not explicitly identify the equitable tolling doctrine. Doc. 28.  However, because Townsend is proceeding *pro se*, the Court construes her arguments liberally.  *E.g.*, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

[10] *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001).

[11] *Id.*

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to reconsider.

IT IS SO ORDERED.


Dated: August 19, 2019                           s/          *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE