UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FAITH TOWNSEND<br><br>Plaintiff,<br><br>vs.<br><br>ROCKWELL AUTOMATION INC. *et al.*,<br><br>Defendants. | : | Case No. 1:18-cv-02742<br><br>OPINION & ORDER<br>[Resolving Doc. 33] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Faith Townsend claims her employer discriminated against her, created a hostile work environment based on her race, constructively discharged her, and retaliated against her.

Defendant Rockwell Automation (Rockwell) moves for summary judgment, claiming that Rockwell should receive judgment in its favor as a matter of law.

For the following reasons, the Court **GRANTS** Defendant's motion.

## I. Background

This case deals with a limited employment period. Although Townsend worked for Rockwell from 1996 to 2018, she did not timely sue on claims before October 6, 2017. Because she did not sue for earlier claims, this case deals only with claims after October 6, 2017.

Defendant Rockwell employed Plaintiff Townsend between 1996 and 2018.[1] Townsend worked at Rockwell's Technical Support Call Center during weekend shifts. The

[1] Doc. 36 at 2. As Defendant Rockwell has moved for summary judgment, the facts are described in the light most favorable to Plaintiff Townsend. *See McGee v. Armstrong*, 941 F.3d 859, 868 (6th Cir. 2019).

weekend team worked Saturday and Sunday from 7am-7pm, and worked an additional weekday shift. Five Rockwell employees worked on this weekend shift. Townsend says that she is the only African American in this call center group.

On October 6, 2017, Plaintiff Townsend had filed earlier charges with the Equal Employment Opportunity Commission (EEOC). In her earlier October 6, 2017, charge, Townsend alleged that she had been subjected to discrimination.[2] On October 17, 2017, the EEOC sent Townsend a right-to-sue letter that gave Plaintiff Townsend 90 days to file a lawsuit based on the October 6, 2017, charge.[3]

Townsend never filed the lawsuit within the right-to-sue time period and therefore gave up claims for events before October 6, 2017.

### a. Alleged Harassment After October 6, 2017

On October 21, 2017, Townsend returned to work after taking leave following her son's death.[4] She claims her supervisor harassed her by assigning her a disproportionately large call volume to her upon her return. Rockwell denies that Townsend received a disproportionate work load.

In February 2018, Townsend's supervisor sent an email to the five call team members. The email discussed a call tracking policy.

Townsend responded to the email by sending an email to her team and to "hundreds of [other] Rockwell employees." Townsend sent the email to Rockwell employees who had nothing to do with the call tracking policy. In her email to the substantial number of Rockwell employees she claimed that the call-tracking policy was

[2] Doc. 33-1.
[3] *Id.*
[4] Doc. 36 at 4.

biased and that her supervisor had joined the "self-proclaimed KKK."[5] Her email also made a colloquial reference to a female co-employee as "a beard."

Because Townsend had copied the other Rockwell employees, Rockwell investigated whether Rockwell should discipline Townsend. Rockwell's Ombudsman did the review. During the Ombudsman's investigation, Rockwell put Townsend on paid administrative leave for seven weeks.[6] Townsend's compensation continued during the paid leave.

After the review, the Ombudsman found that Townsend's email violated Rockwell's email acceptable use policy.[7] The Ombudsman also found that Townsend's email allegations were not true except for an incident the human resources department had addressed years ago.[8]

Rockwell gave Townsend a written warning but did not otherwise discipline Townsend or dock her pay in any way.

Rockwell scheduled Plaintiff Townsend to return from her paid leave on April 11, 2018. Townsend did not appear for work on April 11, 2018. Instead, Rockwell took short-term disability leave from April 14, 2018 to May 7, 2018. She then went on unpaid leave.[9]

Plaintiff resigned on August 7, 2018.[10] Plaintiff claims, however, that Rockwell listed her final day of employment as August 8, 2018. Plaintiff's unemployment benefits claim were denied.[11]

---

[5] /Doc. 33-4 at 2.
[6] Doc. 33-4 at 2.
[7] *Id.* at 1213.
[8] *Id.*
[9] Doc. 31-1 at 25.
[10] Doc. 31-1, Exhibit 2019.
[11] Doc. 33-6.

On September 13, 2018 Plaintiff Townsend filed a second EEOC charge, alleging discrimination and retaliation after first EEOC charge and before her August 7, 2018 resignation.[12]

She alleged that she "was subjected to different terms and conditions of employment" when she was given a greater call load than her co-workers.[13] She also alleged that she had been demoted, and that her co-workers had sent harassing texts.[14] She described her paid leave and claimed that she had been constructively discharged.[15]

On September 25, 2018, the EEOC sent Townsend a right-to-sue letter informing Townsend that it did not find a violation but she could sue on her own.[16] She timely moved to amend her complaint to include the claims in the September 13, 2018, EEOC charge.[17]

### b. Procedural History

On November 28, 2018, Plaintiff Townsend filed this suit.[18] On May 1, 2019, the Court dismissed Townsend's claims relating to her first EEOC charge as untimely.[19] The Court also dismissed the Townsend's claims postdating the October 6, 2017, EEOC charge because Townsend had not obtained a right-to-sue letter for Rockwell's alleged actions after the time period after the first EEOC charge.[20]

On May 9, 2019, Townsend moved to reopen the case, and on June 17, 2019, the Court reopened the case "for those claims authorized by the September 25, 2018 EEOC

[12] Doc. 33-2.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] Doc. 13.
[18] Doc. 1.
[19] Doc. 17 at 3.
[20] *Id.*

right-to-sue letter."[21]

On October 7, 2019, Rockwell filed the pending motion for summary judgment.[22]

## II. Discussion

The Court grants summary judgment if the movant demonstrates that there is no genuine dispute of material fact and she is entitled to judgment as a matter of law.[23] A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party.[24] The Court views the evidence, and draws all reasonable inferences, in the light most favorable to the non-moving party.[25]

### A. Scope of Plaintiff's Claims

Title VII of the Civil Rights Act of 1964[26] requires employees alleging discrimination or retaliation to file administrative charges with the EEOC before bringing litigation.[27] While "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge," the Sixth Circuit interprets pro se employees' EEOC charges liberally "so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge."[28] "[T]he general rule in this circuit [is] that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination."[29]

Plaintiff Townsend's 2018 EEOC charge alleges racial discrimination, retaliation,

[21] Doc. 21.
[22] Doc. 33. Plaintiff timely opposed. Doc. 36.
[23] Fed. R. Civ. P. 56(a).
[24] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[25] *E.g.,* Rhinehart v. Scutt, 894 F.3d 721, 735 (6th Cir. 2018).
[26] 42 U.S.C. § 2000e, *et seq.*
[27] 42 U.S.C. § 2000e-5(e)(1). *See Barrow v. City of Cleveland*, 773 F. App'x. 254, 260 (6th Cir. 2019).
[28] *Barrow*, 773 F. App'x at 260 (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)).
[29] *Id.* (alterations in original) (quoting *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004)).

and constructive discharge.[30] Because a claim for hostile work environment is reasonably related, the Court considers all four claims.[31]

### B. Plaintiff's Barred Factual Claims

Defendant Rockwell argues that Plaintiff Townsend's claims before the September 18, 2018, charge are time-barred.[32] In particular, it claims that two of Townsend's 2018 EEOC charge alleged discriminatory acts occurred in the before the 2017 EEOC charge period. Rockwell argues that, because Townsend did not timely file a lawsuit from the 2017 EEOC charge, these acts cannot be used for Townsend's claims in this lawsuit.

A party alleging a Title VII claim must file a lawsuit within ninety days after receiving an EEOC right-to-sue letter.[33] Townsend received her first EEOC right-to-sue letter in September 2017. She did not file a lawsuit within ninety days but filed this lawsuit in November 2018.[34] This Court held that Townsend's "Title VII claims arising from her first EEOC charge [are] untimely."[35]

The question, then, is whether any Townsend's second charge claims refer to events involved with her 2017 charge. Rockwell argues that Townsend's claim about her increased October 2017 call volume actually occurred earlier in 2017.[36] And Rockwell says that Townsend's demotion claim actually occurred in 2015.[37]

Rockwell supports its timing argument with Townsend's deposition testimony. In that deposition, Plaintiff Townsend testified that she took on more work than her co-

---

[30] Doc. 33-2.

[31] The parties have represented to the Court that these four claims form the basis for the legal questions at issue in trial. Doc. 56, 57. .

[32] Doc. 33 at 9.

[33] *Mayers v. Sedgwick Claims Mgmt. Serv., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004).

[34] Doc. 17.

[35] *Id.*

[36] Doc. 33 at 9-10.

[37] *Id.* at 10.

workers "[p]rior to [her] 2017 FMLA absence." The FMLA leave occurred in June 2017.[38] Townsend also stated that "[t]here was no official demotion date," but that she learned of her demotion in 2015.[39]

Townsend's briefing does not contradict Rockwell's timing for the alleged demotion, but says Townsend had a higher October 2017 call volume.[40] To support this argument, Townsend offers only one October 22, 2017, screenshot to support her claim. The screenshot appears to be two Rockwell internal webpages.[41] Townsend says that this evidence shows that she "had been assigned to 20 [phone] queues while [her co-workers] were only assigned to one."[42]

Rockwell disputes that Townsend received disproportionate call volume. Rockwell cites to Investigator Edward Blakemore's phone volume review[43]. Blakemore found that any difference between Townsend's daily call volume was not disproportionate.[44]

"A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."[45] Plaintiff, as the non-moving party, "must show sufficient evidence to create a genuine issue of material fact."[46] "The showing of a mere scintilla of evidence is insufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'"[47]

The record does not contain sufficient evidence to support Townsend's theory that

---

[38] Doc. 33 at 10 (citing Doc. 31-1 at 49).
[39] *Id.* (citing Doc. 31-1 at 39-40).
[40] *See* Docs. 36, 53.
[41] Doc. 36-1, Exhibit 1014.
[42] Doc. 36 at 4.
[43] Doc. 33 at 4.
[44] Doc. 33-4 at 1018.
[45] F.R.C.P. 56(c)(1).
[46] *Kleper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).
[47] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

the demotion and increased volume of calls occurred during the 2018 charge period. In a light most favorable to her, the screenshots show the status of the phone queues for one day. The screenshot does not show day or week work loads. The screenshot, at best, shows call loads at one time point.

Also, the screenshots do not include any indication of what search terms she used to generate the data. Townsend give insufficient evidence to support her theory that she was subjected to any materially higher call volume during the period covered by the September 18, 2018, charge.

There is, therefore, is no genuine issue of material fact as to whether, during the 2018 charge's period, Rockwell demoted Townsend or assigned her an increased number of calls. Townsend cannot rely on these events to form a basis for her claims in this litigation.

C. Throughout briefing for summary judgment, Townsend's filings have alleged other factual misconduct, including the cancellation of her health insurance and disparate pay structures.[48] Townsend did not make these claims in her complaint and cannot use them.[49] Townsend cannot rely on these events to form a basis for her claims in this litigation either.**Title VII Violations**

**a. Racial Discrimination and Disparate Treatment**

Townsend alleges that Rockwell discriminated against her based on her race in violation of section 2000e-2(a) of Title VII.[50] Plaintiffs alleging racial discrimination may

[48] *See, e.g.*, Docs. 36 at 6, 53.

[49] *See Tucker v. Union of Needletrades, Indus. & Textile Emp.*, 407 F.3d 784, 788 (6th Cir. 2005).

[50] Section 2000e-2(a) provides: "It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e–2(a)(1).

prove their case based on direct or circumstantial evidence.[51] When relying on circumstantial evidence, courts apply the three-part test articulated in *McDonnell Douglas Corp. v. Green*.[52]

Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first show that 1) she belongs to a racial minority; 2) she suffered an adverse employment action; 3) she was qualified for the position; and 4) she was treated differently from similarly situated members of the unprotected class.[53] If the plaintiff proves the prima facie case, the burden shifts to the defendant to describe a non-discriminatory reason for the action.[54] If the defendant gives a non-discriminatory reason, the plaintiff has the burden of showing that the reason is pretextual. "A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason."[55]

Plaintiff Townsend provides only circumstantial evidence to support her claim of racial discrimination. She alleges that she was treated differently from her co-workers when she was assigned a greater call volume.[56] As discussed above, Townsend does not show a disproportionate call volume during the 2018 charge period.

But even if she could, this treatment does not qualify as an adverse employment action.

"Adverse employment actions are typically marked by a 'significant change in

---

[51] *See Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997).

[52] *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as later clarified by, *Tex. Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

[53] *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 347 (6th Cir. 2012) (quoting *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 404-05 (6th Cir. 1999)).

[54] *Id.*

[55] *Logan v. Denny's, Inc.*, 259 F.3d 558, 566-67 (6th Cir. 2001) (internal quotation omitted) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)).

[56] Doc. 36 at 10.

employment status,' including "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"[57] "It must be 'more disruptive than a mere inconvenience or alteration of job responsibilities.'"[58]

While Townsend's responsibilities may have partially changed, they were not significantly different. In these circumstances, Rockwell did not take an adverse employment action by allegedly increasing Townsend's workload.

In contrast, Rockwell's placement of Townsend on administrative leave in February 2018 is an adverse employment action.[59] But Townsend has not demonstrated that she was treated differently from similarly situated members of the unprotected class. She provides no comparator evidence that Rockwell treated other similarly-situated employees differently. Townsend does not give evidence that other employees have sent similar emails to Rockwell's staff who were not disciplined.

Even if Plaintiff had established the similarly-situated element, her claim of race discrimination based on that action would still fail. Rockwell offers a legitimate, non-discriminatory reason for placing Townsend on paid leave. She failed to follow proper reporting procedures and violated Rockwell's code of conduct.[60] Townsend offers no evidence that this reason was a pretext for discrimination.

**b. Hostile Work Environment**

---

[57] *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010) (quoting *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 798 (6th Cir. 2004)). *See also White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir. 2008).

[58] *Vaughn v. Louisville Water Co.*, 302 F. App'x 337, 345 (6th Cir. 2008) (quoting *Michael v. Caterpillar Fin. Serv. Corp.*, 496 F.3d 584, 594 (6th Cir. 2007)).

[59] *See Smith v. City of Salem, Ohio*, 378 F.3d 566, 575 (6th Cir. 2004) ("Examples of adverse employment actions include . . . suspensions . . . .").

[60] *See* Doc. 33 at 16; Doc. 33-4 at 1213.

Plaintiff Townsend alleges that Rockwell subjected her to a racially hostile work environment. To succeed on such a claim, plaintiffs must demonstrate that: (1) she belonged to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on race; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment; and (5) the defendant knew or should have known about the harassment and failed to act.[61]

While a plaintiff may provide evidence of past harassment as background, she must also identify acts contributing to the harassment that occurred during the charge period.[62] The plaintiff must also "show that the work environment was both subjectively and objectively hostile; in other words, that the plaintiff not only perceived the work environment as hostile, but that a reasonable person would have found it hostile or abusive as well."[63]

Townsend's complaint alleges that she experienced harassment when her co-workers sent her texts while she was on leave.[64]

This is not objectively sufficient harassment. The content of the text is not hostile.[65] And no reasonable person would find it hostile or abusive for a co-worker to message her while she was on leave.

Plaintiff has not demonstrated that she was subjected to a hostile work environment during the period identified in her 2018 charge.

[61] *See Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011) (citing *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1078-79 (6th Cir.1999)).
[62] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 (2002).
[63] *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 309 (6th Cir. 2016) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993)).
[64] Doc. 13 at ¶¶ 19, 22.
[65] Doc. 36-1 (Exhibit 1018).

c. Constructive Discharge

Plaintiff Townsend alleges that Rockwell constructively discharged her. "To demonstrate a constructive discharge, the plaintiff must show that (1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person; (2) the employer did so with the intention of forcing the employee to quit; and (3) the employee actually quit."[66]

When considering the first prong of the constructive discharge inquiry, the Sixth Circuit reviews factors such as: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status."[67]

Plaintiff's only allegation that could support a theory that Rockwell created intolerable working conditions is the increased volume of calls assigned to her in October 2017. But as discussed above, the increase in volume occurred prior to the period the 2018 EEOC covers. Plaintiff has not shown that she was constructively discharged.

d. Retaliation

Title VII prohibits retaliatory actions against employees who oppose, report, or participate in investigations involving conduct that allegedly violates Title VII.[68] Plaintiff Townsend alleges that Rockwell retaliated against her after she filed her 2017 EEOC

---

[66] *Lee v. Cleveland Clinic Found.*, 676 F. App'x 488, 495 (6th Cir. 2017) (quoting *Hurtt v. Int'l Serv., Inc.*, 627 F. App'x 414, 420 96th Cir. 2015)).

[67] *Logan v. Denny's, Inc.*, 259 F.3d 558, 569 (6th Cir. 2001).

[68] *See* 42U.S.C. § 2000e-3(a).

charge.

Claims of retaliation are analyzed using the three-part test articulated in *McDonnell Douglas Corp. v. Green.*[69] "To establish a prima facie case of retaliation a plaintiff must establish that: (1) she engaged in a protected activity; (2) her exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action."[70]

To demonstrate that the defendant took a materially adverse action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[71]

Townsend argues that Rockwell retaliated against her by assigning her a larger call volume than her peers when she returned to work in October 2017 and by cancelling her health insurance.[72] But as noted above, there is insufficient evidence to show that any change in call volume occurred during the 2018 charge period. And as Townsend did not include the health insurance claim in her complaint, she cannot rely on that allegation now.

Plaintiff has therefore failed to demonstrate that Rockwell retaliated against her.

## III. Conclusion

[69] *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as later clarified by, *Tex. Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *see also rogers v. Henry Ford Health System*, 897 F.3d 763, 771 (6th Cir. 2018) (applying *McDonnell Douglas* to retaliation claim).

[70] *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 775 (6th Cir. 2018) (internal quotations omitted) (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)).

[71] *Id.* at 776 (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006)).

[72] Doc. 36 at 10.

Defendant Rockwell has shown that there are no genuine disputes of material facts. And Plaintiff Townsend has not demonstrated that Rockwell's actions during the charge period violated Title VII.

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: January 8, 2020

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE