UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FAITH TOWNSEND, | : | CASE NO. 1:18-cv-02742 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 74] |
| v. | : | |
| ROCKWELL AUTOMATION, ET AL., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

## I. BACKGROUND

On November 28, 2018, pro se Plaintiff Townsend sued her former employer, Defendant Rockwell Automation, and her former supervisor, Robert Rodriguez.[1] Townsend alleged that Rockwell Automation and Rodriguez created a racially hostile work environment, retaliated against her, and constructively discharged her.[2]

On April 4, 2019, the Court dismissed Townsend's 42 U.S.C. § 1983 claims against both defendants and Townsend's Title VII claims against Defendant Rodriguez.[3] On January 1, 2020, the Court granted Defendant Rockwell Automation's motion for summary judgment on the remaining Title VII claim.[4] The Court certified that an appeal of these orders could not be taken in good faith.[5] The Court then terminated the case.[6]

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 10, PageID #: 50.
[4] Doc. 66, PageID #: 780.
[5] *See* 28 U.S.C. § 1915(a)(3); Doc. 10, PageID #: 53; Doc. 67, PageID #: 794.
[6] Doc. 67, PageID #: 794.

Case No. 1:18-cv-02742
GWIN, J.

Nevertheless, Plaintiff Townsend appealed the Court's January 1, 2020, order to the Sixth Circuit.[7] On April 27, 2021, the Sixth Circuit affirmed the Court's order granting summary judgment.[8]

On December 13, 2023, Plaintiff Townsend filed the instant motion for emergency relief from the Court's January 1, 2020, order. Plaintiff Townsend relies on a claim of fraud for her Federal Rule of Civil Procedure 60(b)(3) motion.[9] Townsend also asks for a new trial under Rule 59(a)(2).[10] Defendant Rockwell Automation did not reply.

## II. DISCUSSION

In brief, Plaintiff Townsend says that the Court's January 1, 2020, order relied on fraudulent salary data evidence in determining that Defendant Rockwell Automation was not liable for Title VII discrimination.[11] Townsend points to a missing term in Defendant Rockwell's 2010 salary table,[12] as well as extensive mathematical calculations.[13]

Townsend says that were Defendant Rockwell Automation to have provided the correct salary table, the Court would have found that Townsend received a 4.6 percent decrease in wages for 2010.[14] Townsend says that that decrease indicates structural disparate pay, which would have allowed her to bring discrimination claims for actions prior to 2017.[15]

---

[7] Doc. 70, PageID #: 815.
[8] Doc. 72, PageID #: 820.
[9] *See* Fed. R. Civ. P. 60(b)(3).
[10] Fed. R. Civ. P. 59(a)(2). Townsend also appears to have included materials for a petition of certiorari. Doc. 74, PageID #:856.
[11] Doc. 74, PageID #: 837, 841.
[12] Doc. 52-2, PageID #: 652.
[13] Doc. 74, PageID 3: 841-47.
[14] *Id.*, PageID #: 839.
[15] *Id.*

Case No. 1:18-cv-02742
GWIN, J.

### A. Motion to Vacate

Rule 60(b) establishes that, upon a party's motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" in six specific situations.[16] Relevant here is Rule 60(b)(3), which grants a court the authority to relieve a party from judgment where "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party exists."[17]

However, a party must make a Rule 60(b)(3) motion "no more than a year after the entry of the judgment or order on the date of the proceeding."[18]

Plaintiff Townsend filed the present motion over three years after the Court's January 1, 2020, order granting Defendant Rockwell Automation's motion for summary judgment.[19] Thus, she cannot be given relief under Rule 60(b)(3) since she filed her motion more than a year after the entry of judgment.

### B. Motion for a New Trial

Plaintiff Townsend also moves for relief under Rule 59. Rule 59(a)(2) allows the Court, upon motion, to "open the judgment . . . and direct the entry of a new judgment" after a nonjury trial.[20]

However, such a motion "must be filed no later than 28 days after the entry of judgment."[21] As discussed, well over 28 days have passed between the Court's January 1, 2020, order, and the present motion. And, there was no trial in this case, jury or otherwise. Plaintiff Townsend is not entitled to relief under Rule 59 either.

---

[16] Fed. R. Civ. P. 60(b).
[17] Fed. R. Civ. P. 60(b)(3).
[18] Fed. R. Civ. P. 60(c)(1).
[19] *See* Docs. 66, 74.
[20] Fed. R. Civ. P. 59(a)(2).
[21] Fed. R. Civ. P. 59(b).

- 3 -

Case No. 1:18-cv-02742
GWIN, J.

Plaintiff Townsend does not otherwise show grounds to vacate the Court's judgment. Plaintiff does not provide evidence to support her allegations of fraudulent salary data, nor does she provide reasons for the Court to believe that Defendant Rockwell Automation purposefully provided false evidence of salary data with its briefings for summary judgment.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff Townsend's emergency motion to vacate the January 1, 2020, judgment.

IT IS SO ORDERED.

Dated: February 20, 2024             *s/      James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE